IRENE KARBELASHVILI, Esq. (SBN 232223)
IRAKLI KARBELASHVILI, Esq. (SBN 302971)
ALLACCESS LAW GROUP
1400 Coleman Ave Ste F28
Santa Clara, CA 95050
Telephone: (408) 295-0137
Fax: (408) 295-0142
irene@allaccesslawgroup.com
irakli@allaccesslawgroup.com

Attorneys for Plaintiff JACKSON SHERRY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACKSON SHERRY, <br><br> Plaintiff, <br><br> vs. <br><br> MERVYN W. SELVIDGE, Trustee of the SELVADGE TRUST DATED DECEMBER 6, 2007; JOLEE A. SELVIDGE, Trustee of the SELVADGE TRUST DATED DECEMBER 6, 2007; SOTERIA E. KARAHALIOS, an individual; ALEXANDER M. DUBELMAN, an individual; ATHAS E. KARAHALIOS, an individual; PATRICK T. CORRIGAN, Trustee of THE CORRIGAN FAMILY REVOCABLE TRUST DATED JUNE 11, 2002; JILL A. CORRIGAN, Trustee of THE CORRIGAN FAMILY REVOCABLE TRUST DATED JUNE 11, 2002; HANS H. MORKNER, an individual; YVONNE K. MORKNER, an individual; DKL Investments, LLC; JPD HOLDINGS LLC, a California limited liability company, <br><br> Defendants. | **Case No.** 25-cv-5592 <br><br> ***Civil Rights*** <br><br> **COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES** <br><br> **DEMAND FOR JURY TRIAL** |

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

1

JACKSON SHERRY ("Plaintiff") complains of defendants MERVYN W. SELVIDGE, Trustee of the SELVADGE TRUST DATED DECEMBER 6, 2007; JOLEE A. SELVIDGE, Trustee of the SELVADGE TRUST DATED DECEMBER 6, 2007; SOTERIA E. KARAHALIOS, an individual; ALEXANDER M. DUBELMAN, an individual; ATHAS E. KARAHALIOS, an individual; PATRICK T. CORRIGAN, Trustee of THE CORRIGAN FAMILY REVOCABLE TRUST DATED JUNE 11, 2002; JILL A. CORRIGAN, Trustee of THE CORRIGAN FAMILY REVOCABLE TRUST DATED JUNE 11, 2002; HANS H. MORKNER, an individual; YVONNE K. MORKNER, an individual; DKL Investments, LLC; JPD HOLDINGS LLC, a California limited liability company (collectively, "Defendants") as follows:

**INTRODUCTION**

1. This is a civil rights action involving the lack of disabled access to the building, structure, facility, complex, property, land, development, and/or business located at or about 1010 Cass Street, Monterey, California ("Business Complex"). During his visits to the Business Complex, Plaintiff repeatedly encountered accessibility barriers because the Business Complex's parking and paths of travel are inaccessible to wheelchair users, including Plaintiff.

2. Defendants' lack of accessible facilities denied and continue to deny "full and equal" access required by Title III of the Americans with Disabilities Act of 1990 and related California civil rights laws. As a result, Plaintiff has been continuously denied full and equal access to Business Complex and has been embarrassed and humiliated. Plaintiff seeks damages and injunctive relief requiring provision of access under the Americans with Disabilities Act of 1990 ("ADA") and injunctive relief for full and equal access and damages under California law. Plaintiff also seeks declaratory relief and recovery of reasonable statutory attorney fees, litigation expenses and costs under federal and state law.

**JURISDICTION AND VENUE**

3. This Court has subject-matter jurisdiction of this action pursuant to 28 U.S.C. § 1331 for violations of the ADA, 42 U.S.C. §§ 12101 *et seq*. Under supplemental jurisdiction, attendant

1  and related causes of action, arising from the same facts, are also brought under California law,
2  including, but not limited to, violations of Health and Safety Code and the Unruh Civil Rights
3  Act.
4  4.   Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact
5  that the real property which is the subject of this action is in this District and that Plaintiff's
6  causes of action arose in this District.
7  5.   **Intradistrict Assignment:** This case should be assigned to the San Jose intradistrict as
8  the real property which is the subject of this action is in this intradistrict and Plaintiff's causes of
9  action arose in this intradistrict.

**PARTIES**

11  6.   Plaintiff is and at all times relevant here was an individual with a physical disability
12  within the meaning of the ADA and California law. Plaintiff is a disabled person resulting from a
13  spinal cord injury that he suffered because of a car accident. He cannot walk and relies on a
14  manual wheelchair for mobility. He also owns a disabled licensed vehicle and has been issued a
15  California state placard for disabled parking, which entitles him to park in a properly configured
16  disabled accessible parking space. Plaintiff relies on businesses and other public places to have
17  accessible facilities so that he can live his life independently. Plaintiff is a resident of Monterey,
18  California.
19  7.   Defendants are and were the owners, operators, lessors and/or lessees of the subject
20  business, property, and buildings at all times relevant to this Complaint.
21  8.   Defendants failed to ensure that the accommodations, goods, services, and opportunities
22  were accessible to Plaintiff and other members of the public who have physical disabilities.
23  Defendants' failure to comply with federal and state access laws proximately caused the
24  violations and ongoing violations and damages to Plaintiff complained of here.

**FACTUAL ALLEGATIONS**

26  9.   Defendants have discriminated against Plaintiff because the Business Complex's
27  facilities and policies do not comply with the ADA, the Unruh Act, the California Health and

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

3

1  Safety Code, and the Disabled Persons Act. Defendants have failed and refused to provide full
2  and equal access to the services, privileges, benefits, and advantages that they provide to persons
3  without disabilities at the Business Complex.
4  10.    The Business Complex and its facilities, including, but not limited to, its entrances/exits,
5  parking, exterior and paths of travel are each a "public accommodation" and part of a "business
6  establishment," subject to the requirements of § 301(7) of the ADA (42 U.S.C. § 12181(7) and of
7  California Civil Code §§ 51 *et seq.*
8  11.    On information and belief, the Business Complex and its facilities have, since January 26,
9  1993, undergone construction, alterations, structural repairs, and/or additions, subjecting the
10 facility to disabled access requirements of § 303 of the ADA (42 U.S.C. § 12183). Such facilities
11 constructed or altered since 1982 are also subject to "Title 24," the California State Architect's
12 Regulations. Irrespective of the Business Complex' construction and alteration history, removal
13 of the access barriers at the subject premises are subject to the "readily achievable" barrier
14 removal requirements of Title III of the ADA.
15 12.    Plaintiff regularly attends therapy sessions at an office suite subleased by his therapist
16 within the Business Complex. On multiple occasions, specifically January 8, 15, and 29, 2025;
17 February 4, 11, 19, and 26, 2025; March 5 and 19, 2025; April 2, 16, 23, and 30, 2025; and May
18 14 and June 6, 2025, Plaintiff encountered persistent barriers that prevented full and equal access
19 to the premises, resulting in difficulty, discomfort, and/or embarrassment.
20 13.    Although the Business Complex provides parking for its visitors, none of the spaces were
21 safely usable by Plaintiff, a wheelchair user. One designated accessible parking space lacked an
22 adjacent access aisle, essential for Plaintiff to safely enter and exit his vehicle with sufficient
23 room to maneuver his wheelchair. Additionally, at another section of the Business Complex, a
24 regular parking space marked with a sign indicating it was reserved for persons with disabilities
25 was not wheelchair accessible, as it lacked any necessary accessible features, including proper
26 color, access aisle, surface signage, and other required elements.
27



14. The ramp connecting the parking lot to the Business Complex was consistently inaccessible during each visit due to an excessive slope and flared sides exceeding a 10% gradient. This steep incline created a tipping hazard, making it physically demanding and dangerous for Plaintiff to ascend or descend in his wheelchair. The excessive slope required Plaintiff to exert significant effort to prevent his wheelchair from tipping backward or veering off the ramp, posing a constant risk of falling or injury. The flared sides, also excessively sloped, compounded the danger.



15. Furthermore, the paths of travel throughout the Business Complex were excessively sloped and contained multiple vertical tripping hazards, making it difficult and hazardous for Plaintiff to travel to and from the therapist's office. The steep slopes along these paths required Plaintiff to exert considerable physical effort to propel his wheelchair, leading to discomfort. The vertical tripping hazards, such as uneven surfaces and raised obstacles, posed a significant risk of catching Plaintiff's wheelchair wheels, potentially causing him to lose balance or tip over. These

conditions made navigation slow, arduous, and dangerous, forcing Plaintiff to remain vigilant to avoid injury.

16. Finally, the entrance to the office suite (C2) featured a threshold exceeding ½ inch in height, which made it challenging for Plaintiff to safely enter and exit the building. This elevated threshold created a significant barrier, as Plaintiff's wheelchair wheels frequently caught on the lip, requiring him to apply excessive force to cross it. This effort increased the risk of tipping or losing control of the wheelchair, posing a safety hazard during each visit.



17. Plaintiff intends to continue visiting the Business Complex regularly for therapy sessions but will remain denied full and equal access until the premises are made fully accessible to wheelchair users, including Plaintiff.

18. Before suing, Plaintiff's expert confirmed that the Business Complex was inaccessible to Plaintiff because it contained the following barriers, all related to his disability:

- No path of travel from public right of way (bus stop)
- No ADA parking present where the sign indicated ADA Parking
- Parking signage lacks the $250 penalty sign
- Parking signage lacks the signage for van accessible
- Ramp by ADA parking has side slopes (flared sides) over 10%

- Ramp by ADA parking does not have a sized upper landing 48" deep
- Path of travel has slopes over 5%
- Path of travel ramps have no railing
- Cross slope of path of travel is over 2% slope
- Stair railings do not have proper railing extensions
- Multiple vertical tripping hazards in the path of travel
- Entrance in question has a threshold over 1/2"
- Entrance in question does not have 12x48" clear space at push side.

**ADA parking in front of building A:**

- ADA sign lacks $250 penalty sign
- ADA sign lacks "van Accessible" sign
- No Tow Away sign
- ADA parking does not have an access aisle
- ADA parking does not have a proper 36x36 surface signage
- No path of travel between buildings at the same site
- No path of travel between ADA parking by Bldg A to Bldg D

19. These barriers to access are listed without prejudice to Plaintiff citing additional barriers to access after inspection by Plaintiff's access consultant, per the 9th Circuit's standing standards under *Doran v. 7-Eleven, Inc.* 524 F.3d 1034 (9th Cir. 2008), *Chapman v. Pier One Imports (USA), Inc.,* 631 F.3d 939 (9th Cir. 2011).

20. Plaintiff alleges that it would be a futile gesture to provide notices of violations relating to his continued or attempted visits, which are certain to occur regularly after the filing of this Complaint. Therefore, Plaintiff will seek to supplement this Complaint at the time of trial as to subsequent events, according to proof.

21. Defendants knew, or should have known, that these elements and policies rendered the Business Complex inaccessible, violate state and federal law, and interfere with or deny access to individuals with similar mobility disabilities. Upon information and belief, Defendants have the

financial resources to remove these barriers and make the Business Complex accessible to the physically disabled. To date, however, Defendants refuse to remove those barriers or to provide full and equal access to the Business Complex.

22. As a result of Defendants' actions and failures to act and failure to provide disabled access, Plaintiff suffered a denial of his civil rights emotional discomfort, and denial of rights to full and equal access to public accommodations, all to his general, special, and statutory damages. On each such denial of access, Plaintiff has encountered barriers to full and equal access which have caused him difficulty, discomfort, and embarrassment. Plaintiff has been required to seek legal assistance, and seeks statutory attorney fees, litigation expenses, and costs, under federal and state law.

23. Plaintiff's goal in this suit is to make the Business Complex fully accessible to persons with similar mobility disabilities.

## FIRST CLAIM:
## VIOLATION OF THE ADA, TITLE III
### [42 U.S.C. §§ 12101 et seq.]

24. Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the allegations contained in all paragraphs of this Complaint and incorporates them here as if separately repled.

25. Plaintiff was at all times relevant here a qualified individual with a disability as defined by the ADA, as he has impairments that substantially limit one or more major life activities.

26. Plaintiff has reasonable grounds for believing he will be subjected to discrimination each time he may attempt to access and use the subject facilities.

27. The subject property and facility are among the "private entities," which are considered "public accommodations" for purposes of Title III of the ADA. 42 U.S.C. § 12181(7).

28. The acts and omissions of Defendants set forth here were in violation of Plaintiff's rights under the ADA and the regulations promulgated under it.

29. Plaintiff alleges on information and belief that the Business Complex was designed and

constructed (or both) after January 26, 1993 -- independently triggering access requirements under Title III of the ADA. Here, Defendants violated the ADA by designing or constructing (or both) the Business Complex in a manner that did not comply with federal and state disability access standards even though it was practicable to do so.

30. The removal of each of the barriers complained of by Plaintiff were at all times here mentioned "readily achievable" under the standards §§12181 and 12182 of the ADA.

31. As noted throughout this Complaint, the removal of each of the architectural barriers complained of here was also required under California law.

32. Plaintiff alleges on information and belief that Business Complex was modified after January 26, 1992. Any alterations, structural repairs, or additions since January 26, 1992, have independently triggered requirements for the removal of barriers to access for disabled persons per § 12183 of the ADA.

33. Defendants have discriminated against Plaintiff in violation of Title III of the ADA by: (a) providing benefits that are unequal to that afforded to people without disabilities; (b) failing to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford (and would not fundamentally alter the nature of) the goods, services, facilities, privileges, advantages, or accommodations of the Business Complex to individuals with disabilities; (c) failing to remove architectural barriers that are structural in existing facilities where such removal is readily achievable; and (d) where Defendants can demonstrate the removal of architectural barriers is not readily achievable, failing to make the goods, services, facilities, privileges, advantages, or accommodations of the Business Complex available through alternative methods if such methods are readily achievable. On information and belief, as of the date of Plaintiff's most recent visit to the Business Complex and as of the filing of this Complaint, the subject premises have denied and continue to deny full and equal access to Plaintiff and to other similarly mobility disabled persons in other respects, which violate Plaintiff's rights to full and equal access and which discriminate against him on the basis of his disability, thus wrongfully denying him the full and equal enjoyment of the goods,

services, facilities, privileges, advantages and accommodations, in violation of §§ 12182 and 12183 of the ADA. The ability to safely park, enter, and exit the Business Complex is a fundamental necessity. Without this ability, Plaintiff is unable to available himself of the goods and services offered at Business Complex on a full and equal basis. Therefore, the benefits of creating access does not exceed the costs of readily achievable barrier removal. These costs are fundamental to doing business, like any other essential function of operating a public accommodation. It is thus readily achievable to remove these barriers. Furthermore, these are the types of barriers identified by the Department of Justice as presumably readily achievable to remove, and, in fact, these barriers are readily achievable to remove.

34. Under the ADA, 42 U.S.C. 12188 *et seq.,* Plaintiff is entitled to the remedies and procedures set forth in § 204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as he is being subjected to discrimination based on disability in violation of the ADA or has reasonable grounds for believing that he is about to be subjected to discrimination.

35. Plaintiff seeks relief under remedies set forth in § 204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), and under Federal Regulations adopted

WHEREFORE, Plaintiff requests relief as outlined below.

## SECOND CLAIM:
## VIOLATION OF THE UNRUH CIVIL RIGHTS ACT
### [Cal. Civil Code §§ 51 et seq.]

36. Plaintiff repleads and incorporates by reference, as if fully set forth again here, the allegations contained in all paragraphs of this Complaint and incorporates them here by reference as if separately repled hereafter.

37. The Business Complex is a business establishment under the Unruh Act.

38. Defendants are the owner and/or operators of a business establishment.

39. Defendants violated the Unruh Act by their acts and omissions:

  a. Failure to construct or alter the Business Complex in compliance with state building code and state architectural requirements;

      b. Failure to remove known barriers to access at the Business Complex;

      c. Failure to modify policies and procedures as necessary to ensure Plaintiff full and equal access to the accommodations, advantages, facilities, privileges, or services of the Business Complex; and

      d. Violation of the ADA, a violation of which is a violation of the Unruh Act. Cal. Civil Code § 51(f).

40. Plaintiff has experienced barriers to access at the Business Complex, all of which have caused him difficulty, discomfort, and embarrassment.

41. On information and belief, the Business Complex is also illegally inaccessible in multiple other respects. As noted above, the barriers to access described in this Complaint are listed without prejudice to Plaintiff citing additional barriers to access after inspection by Plaintiff's access consultant(s)/expert(s).

42. These barriers to access render the Business Complex and its premises inaccessible to and unusable by persons with mobility disabilities. All facilities must be brought into compliance with all applicable federal and state code requirements, according to proof. Plaintiff prays for leave to amend this Complaint, if necessary, to obtain full injunctive relief as to barriers that limit or deny full and equal access to persons with similar mobility disabilities.

43. Each violation of the ADA constitutes a separate violation of California Civil Code § 51(f), thus independently justifying an award of damages and injunctive relief under California law, including, but not limited to, Civil Code § 52(a).

44. As for Defendants' violations of the Unruh Act that are not predicated on violations of the ADA, Defendants' behavior was intentional: they were aware of or were made aware of their duties to remove barriers that prevent persons with mobility disabilities like Plaintiff from obtaining full and equal access to the Business Complex. Defendants' discriminatory practices and policies that deny full enjoyment of Business Complex to persons with physical disabilities reveal actual and implied malice and conscious disregard for the rights of Plaintiff and other similarly disabled individuals. Defendants have thus engaged in willful affirmative misconduct

in violating the Unruh Act.

45. On information and belief, the access features of the Business Complex have not been improved since Plaintiff's visits there. Plaintiff's injuries are ongoing so long as Defendants do not modify their policies and procedures and provide fully accessible facilities for Plaintiff and other persons with similar mobility disabilities.

46. At all times mentioned, Defendants knew, or in the exercise of reasonable diligence should have known, that his barriers, policies and practices at its facilities violated disabled access requirements and standards and had a discriminatory impact upon Plaintiff and upon other persons with similar mobility disabilities, but Defendants failed to rectify the violations, and presently continues a course of conduct in maintaining barriers that discriminate against Plaintiff and similarly situated disabled persons.

WHEREFORE, Plaintiff requests relief as outlined below.

### THIRD CLAIM:

### VIOLATION OF THE CALIFORNIA HEALTH AND SAFETY CODE

**[Cal. Health and Safety Code §§19955 *et seq.*]**

47. Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the allegations contained in all paragraphs of this Complaint and incorporates them herein as if separately repled.

48. Health & Safety Code §19955 provides in pertinent part:

> The purpose of this part is to ensure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code. For the purposes of this part "public accommodation or facilities" means a building, structure, facility, complex, or improved area which is used by the general public and shall include auditoriums, hospitals, theaters, restaurants, hotels, motels, stadiums, and convention centers. When sanitary facilities are made available for the public, clients or employees in such accommodations or facilities, they shall be made available for the handicapped.

49. Health & Safety Code §19956, which appears in the same chapter as §19955, provides in pertinent part, "accommodations constructed in this state shall conform to the provisions of

Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code …" Health & Safety Code §19956 was operative July 1, 1970, and applies to all public accommodations constructed or altered after that date.

50. On information and belief, portions of the Business Complex and/or of the building(s) were constructed and/or altered after July 1, 1970, and substantial portions of the Business Complex and/or the building(s) had alterations, structural repairs, and/or additions made to such public accommodations after July 1, 1970, thereby requiring the Business Complex to be subject to the requirements of Part 5.5, §19955, *et seq.*, of the Health & Safety Code upon such alteration, structural repairs or additions per Health & Safety Code §19959.

51. Under the authority delegated by Government Code §4450, et seq, the State Architect promulgated regulations for the enforcement of these provisions. Effective July 1, 1982, Title 24 of the California Building Standards Code adopted the California State Architect's Regulations, and these regulations must be complied with as to any alterations and/or modifications of the Business Complex and/or the building(s) occurring after that date. Construction changes before this date but after July 1, 1970 triggered access requirements under the "ASA" requirements, the American Standards Association Specifications, A117.1-1961.

52. On information and belief, at the time of the construction and modification of said building, all buildings and facilities covered were required to conform to each of the standards and specifications described in the American Standards Association Specifications and/or those contained in the California Building Code.

53. Business Complex is a "public-accommodations or facilities" within the meaning of Health & Safety Code §19955, *et seq.*

54. As a result of the actions and failure to act of Defendants, and because of the failure to provide proper and legally accessible public facilities, Plaintiff was denied Plaintiff's right to full and equal access to public facilities and suffered a loss of civil rights and rights as a person with physical disabilities to full and equal access to public facilities.

WHEREFORE, Plaintiff requests relief as outlined below.

## FOURTH CLAIM:

## VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT

**[Cal. Civil Code §§ 54 *et seq.*]**

55. Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the allegations contained in all paragraphs of this Complaint and incorporates them herein as if separately repled.

56. The Business Complex is a place of public accommodation and/or places to which the public is invited and, as such, must comply with the California Disabled Persons Act ("CDPA"), California Civil Code § 54 *et seq.*

57. The CDPA guarantees, among other things, that persons with disabilities have the same right as the public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, public facilities, and other public places. California Civil Code § 54.

58. The CDPA also guarantees, among other things, that persons with disabilities have a right to full and equal access, as other members of the public, to accommodations, advantages, facilities, and privileges of covered entities. California Civil Code § 54.1(a) (1).

59. The CDPA also provides that a violation of the ADA is *a per se* violation of CDPA, California Civil Code § 54.1(d).

60. Defendants have violated the CDPA by, among other things, denying and/or interfering with Plaintiff right to full and equal access as other members of the public to the accommodations, advantages, and its related facilities due to his disability.

WHEREFORE, Plaintiff requests relief as outlined below.

## **PRAYER FOR RELIEF**

1. Plaintiff has no adequate remedy at law to redress the wrongs suffered as set forth in this Complaint. Plaintiff has suffered and will continue to suffer irreparable injury because of the unlawful acts, omissions, policies, and practices of the Defendants as alleged herein, unless Plaintiff is granted the relief he requests. Plaintiff and Defendants have an actual controversy and opposing legal positions as to Defendants' violations of the laws of the United States and the

State of California. The need for relief is critical because the rights at issue are paramount under the laws of the United States and the State of California.

WHEREFORE, Plaintiff prays for judgment and the following specific relief against Defendants:

2. Issue a declaratory judgment that Defendants' actions, omissions, and failures violate and continue to violate the law, including, but not limited to, the following: failing to construct and/or alter the subject premises in compliance with applicable federal and state access regulations/codes/requirements, failing to remove access barriers where "readily achievable," failing to make reasonable modifications in policy and practice for Plaintiff and other similarly-situated disabled persons;

3. Issue a preliminary and permanent injunction enjoining Defendants, their agents, officials, employees, and all persons and entities acting in concert with them:

   a. From continuing the unlawful acts, conditions, and practices described in this Complaint;
   b. To provide reasonable modifications in policies and practices for persons with mobility disabilities to ensure access to all services, facilities, and accommodations at the Business Complex;
   c. To modify the Business Complex and related facilities to provide full and equal access to persons with mobility disabilities, including removal of all barriers that violate applicable federal and state access regulations, codes, and requirements;
   d. To maintain such accessible features once they are provided;
   e. To train Defendants' employees and agents on how to accommodate the rights and needs of mobility disabled persons; and
   f. To implement nondiscrimination protocols, policies, and practices to ensure full and equal access for persons with mobility disabilities;

4. Retain jurisdiction over the Defendants until the Court is satisfied that Defendants' unlawful policies, practices, acts, omissions, failure to maintain accessible public facilities as

complained of herein no longer occur, and cannot recur;

5. Award to Plaintiff all appropriate damages, including, but not limited to, statutory damages, general damages, treble damages, and punitive damages in amounts within the jurisdiction of the Court, all according to proof;

6. Award to Plaintiff all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding as provided by law;

7. Award pre- and post-judgment interest as permitted by law; and

8. Grant any other relief that this Court may deem just and proper.

Date: July 2, 2025          ALLACCESS LAW GROUP

                   */s/ Irakli Karbelashvili*
                  By IRAKLI KARBELASHVILI, Esq.
                  Attorney for Plaintiff
                  JACKSON SHERRY

**JURY DEMAND**

Plaintiff demands a trial by jury for all claims for which a jury is permitted.

Date: July 2, 2025          ALLACCESS LAW GROUP

                   */s/ Irakli Karbelashvili*
                  By IRAKLI KARBELASHVILI, Esq.
                  Attorney for Plaintiff
                  JACKSON SHERRY